### STANTON v. FEDERAL TRADE COMMISSION.

#### No. 2487.

Circuit Court of Appeals, Tenth Circuit.

Oct. 16, 1942.

Clara Stanton pro se.

Joseph J. Smith, Jr., Asst. Chief Counsel, of Washington, D. C. (W. T. Kelley, Chief Counsel, J. B. Truly, Carrel F. Rhodes, Maurice C. Pearce, and James W. Nichol, Attys. for Federal Trade Commission, all of Washington, D. C., on the brief), for respondent.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

HUXMAN, Circuit Judge.

By this appeal petitioner challenges a cease and desist order issued by the Federal Trade Commission, directing her to cease and desist from disseminating any advertisement by use of the United States mails or by means in commerce representing that petitioner's preparation was a cure or remedy for obesity or that it had any therapeutic value in the treatment of obesity, or from disseminating any advertisement that uses the name "Anti-Fat Tablets." The appeal challenges the sufficiency of the findings to sustain the order.

Petitioner placed her formula in evidence. It consists of the following ingredients:

| | | |
|---|---|---|
| Po. Ext. | Pokeberries | 1/8 gr. |
| Fl. Ext. | Bladder Wrack | 1/2 min. |
| | Potassium Iodide | 1/8 gr. |
| | Rochelle Salt | 1/2 gr. |
| | Iodine (Keysall) | 1/24 min. |
| | Carbonated Vegetable | 3/8 gr. |
| | Calcium Carbonate | 1/8 gr. |
| | Sugar Milk   qs | 3 gr. |

The Commission's original findings gave her formula as consisting of the following:

| | | |
|---|---|---|
| Po. Ext. | Pokeberries | 1/8 gr. |
| Fl. Ext. | Bladder Wrack | 1/2 min. |
| | Potassium Iodide | 1/8 gr. |
| | Rochelle Salt | 1/2 gr. |
| | Iodine (Keysall) | 1/24 min. |
| | Carbonated Vegetable | 3/8 gr. |
| | Calcium *Carbide* | 1/8 gr. |
| | Sugar Milk   qs | 3 gr. |

The contention made is that the order directing her to cease and desist is based on the finding that her remedy contained as an ingredient calcium carbide, whereas admittedly it contained no such ingredient.

One of the constituent elements of petitioner's remedy was calcium carbonate. Throughout the hearing the attorney for the Commission referred to this element as calcium carbide. One of the medical experts of the Commission, Dr. Rees, used the term calcium carbide. He testified that calcium carbide is a reducing acid, but that the amount in the formula was inert and would have no effect. Calcium carbide is a crystalline solid made by heating lime and carbon together in an electric furnace. It is quite obvious that while the doctor used the term "calcium carbide," he must have had in mind and was testifying concerning calcium carbonate. That the term "calcium carbide" was inadvertently used when calcium carbonate was in the minds of the witnesses and the Commission is evidenced by the testimony of Dr. Kemper when he testified: "Calcium carbide—no, calcium carbonate—is an astringent." Dr. Connor testified concerning the effect of calcium carbonate. From this it appears that the Commission had before it the testimony concerning the effect of calcium carbonate, an ingredient in petitioner's formula, and that it inadvertently used the term "calcium carbide" in its original findings upon which the order was based. When the typographical error thereafter was called to its attention, it properly corrected the error by a nunc pro tunc order making its finding conform to the undisputed testimony in the case.

It is also urged that the Commission's experts testified that they were not familiar with Iodine (Keysall), one of the ingredients of petitioner's preparation. Dr. Rees did testify that he did not know what Keysall was unless it was a preparation similar to Lugol's solution of iodine. Keysall is a trade name of an iodine solution and is substantially the same as Lugol's solution of iodine. This was understood by the witnesses and the Commission. The testimony is uncontradicted that the amount of iodine in petitioner's preparation did not constitute an active dose and had no therapeutic value.

The evidence fully supports the finding of the Commission, and the order will therefore be enforced.